## Page v. Commonwealth.

(Decided April 16, 1924.)

Appeal from Graves Circuit Court.

Intoxicating Liquors—Evidence Held Sufficient to Sustain Conviction for Unlawful Possession.—In a prosecution for unlawful possession of liquor, evidence as to identity of accused as one in possession held sufficient to sustain a conviction.

HESTER, SEAY & HESTER for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellant Page and one Thomas were found in an alley in the city of Mayfield near a residence with an automobile in which there was a large quantity of whiskey. Thomas was in the car and appellant Page was in the act of cranking it, preparatory to starting, when the officers came up. Appellant was directed by the officers not to crank the car, whereupon he left the crank and ran away into the darkness. Two of the officers said they did not know him and could not say who it was, but the third officer testified that he knew Clyde Page well and that he saw him at the crank of the automobile before he ran away.

It further appears from the evidence that appellant carried a quantity of liquor from the direction of the residence towards the car.

Appellant was charged with the unlawful possession of liquor. He denied it *in toto* although he did not testify. The case went to the jury upon the evidence for the Commonwealth, and it is the insistence of appellant that he was not present at the time the officers came to the automobile, or at least he asserts that the evidence

is not sufficient to show that he was present or to identify him as the man who ran away from the automobile. On the identification of appellant the evidence for the Commonwealth is as follows:

"Q. When you saw the car there, was anybody with the car? A. Yes, sir. Q. Who was it, Barney? A. Frank Thomas and Clyde Page. Q. Where does Clyde Page live? A. Down in the north end of the county. Q. Where did you come from; is that your old home in that same neighborhood? A. Yes, sir. Q. Did you know him? A. Yes, sir. Q. What was he doing, if anything, when you all drove up there? A. He was fixing to crank the car. Q. What did he do when you all drove up? A. He ran."

Inasmuch as there is no evidence whatever to contradict the foregoing testimony of one of the officers, it is not at all surprising that the jury concluded that appellant was the man who was assisting Thomas in the possession and transportation of the liquor and therefore found him guilty. Appellant makes no other question. We find no merit in his appeal, and the judgment is affirmed.

Judgment affirmed.